SAMUEL COHEN et al., Plaintiffs, *v.* ALFRED L. KASKEL et al., Defendants.

Supreme Court, Special Term, Queens County, December 10, 1951.

*Dreyer & Traub* for defendants.

*Milton M. Carrow* and *Norman Annenberg* for plaintiffs.

CUFF, J. The defendants move to dismiss the complaint (Rules Civ. Prac., rule 107) for the reason that the contract upon which plaintiff depends violates the Statute of Frauds. In this kind of motion, the proper allegations of the complaint must be deemed proved.

The complaint identifies the parties, then alleges: that on October 13, 1950, plaintiffs agreed to sell and defendants (Kaskel and Redlark) agreed to buy plaintiffs' described real property; that as consideration, said defendants agreed to pay plaintiff $1,000 for " each unit approved for construction on the above described premises by commitment for mortgage insurance to be issued by the Federal Housing Administration but in no event was the purchase price to be less than $325,000 "; that the said purchase price (which, of course, could exceed the $325,000) was to be paid in the following manner: the minimum $325,000 by cash and purchase-money mortgage prior to or simultaneously with the passing of the deed; the balance, to be determined by the number of units approved by the Federal Housing Administration as aforesaid within ten days after the issuance of that agency's commitment. That on October 13, 1950, plaintiffs delivered their deed to said defendants in accordance with the October 13, 1950, agreement aforesaid and received from said defendants " on account of the purchase price of said property " $325,000; that prior to September, 1951, the Federal

Housing Administration duly issued its commitment, above referred to, in which 525 units were approved, which fixed the selling price of the land at $525,000; thus $200,000 of the purchase price according to the contract sued upon was still (September, 1951) due and owing by defendants to plaintiffs; that on October 29, 1951, defendants paid $15,000 of that balance, but have refused to pay the rest ($185,000) although duly demanded by plaintiffs.

The relief plaintiffs seek is to impress a vendor's lien upon the real estate. There were some conveyances of the property by defendants which are immaterial.

This complaint pleads a suit growing out of an oral transaction to convey real estate wherein the owner delivered his deed to the buyer and the latter has refused to pay the purchase price agreed upon. The Statute of Frauds is no bar to that kind of recovery (*Troast* v. *Anjou,* 172 N. Y. S. 383).

Motion denied.